AMERICAN SAMOA GOVERNMENT

v.

LEFAI VILIAMU, Defendant

High Court of American Samoa
Trial Division

CR No. 34-87

November 4, 1987

Before REES, Chief Justice.

Counsel: For the Government, James Doherty,
Assistant Attorney General
For Defendant, Michael Bennett, Assistant
Public Defender

Opinion and Order on Motion to Dismiss:

The defendant is charged under A.S.C.A. 8
46.4115 with having forged a letter to the American
Consulate General in New Zealand. Defendant has

moved to dismiss, contending inter alia that the High Court has no subject matter jurisdiction over the act because the alleged fraudulent intent was directed at one outside the territory. The authorities compel the conclusion, however, that the alleged criminal conduct was not without the High Court's territorial jurisdiction.

Defendant correctly states that criminal acts taking place outside a state are within its territorial jurisdiction if those acts produce proscribed effects within the state. The leading case establishing this as a principle of international law, the "objective territorial" principle, is <u>U.S. v. Aluminum Co. of America</u>, 148 F.2d 416 (2d Cir. 1945) (U.S. court had subject matter jurisdiction over acts undertaken abroad with the intent to cause restraint of trade within the U.S. in violation of U.S. law). We fully agree with defendant that jurisdiction over the alleged forgery would lie in New Zealand.

Defendant is mistaken, however, to the extent that he contends that jurisdiction lies <u>exclusively</u> in New Zealand. Rather, when conduct taking place within a state produces its effect in another state, the two states have concurrent jurisdiction over the transaction. <u>See</u> <u>Public Prosecutor v. D.S.</u>, 26 Int'l. L. Rep. (Netherlands Supreme Court 1963). There, the Dutch defendant sent a defamatory letter from the Netherlands to an acquaintance in London, where the letter was received and read by the addressee. The defendant contended that any unlawful effect, and thus the crime, took place in England, whose courts alone could exercise jurisdiction thereover. The contention failed; the courts of the Netherlands, as a matter of territorial jurisdiction, were held empowered to take up the issue since the act had occurred there. <u>See</u> <u>also</u> <u>Act Committed, but not Punishable in West Germany, by an Austrian</u>, 101 Journal du Droit International 632 (1974) (Austria Supreme Court 1972) (same result even if the effect taking place in another state is not proscribed there). Thus even if the "effect" of the forgery took place in New Zealand, the High Court could exercise its territorial jurisdiction over the case because the allegedly criminal conduct took place here. (The authority defendant cites to the contrary was an 1894 over-the-border shooting case in which the court expressly recognized that its rule would not apply "in certain cases of false

pretenses." <u>State v. Hall</u>, 19 S.E. 602, 604 (N.C. 1894).)

Defendant is also mistaken, however, in suggesting that forgery under local law must produce an "effect" in order to become criminal. The government can establish a criminal forgery by showing that "with the purpose to defraud, [defendant]: (1) makes . . . any writing so that it purports to have been made by another. . . ." A.S.C.A. § 46.4115. The statute does not require that defendant actually have tricked anybody; he need only have committed the described act with the <u>intent</u> to defraud. So long as the intent and the conduct coincided here, the court has territorial jurisdiction over the complaint.

The motion to dismiss is denied.